IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br><br>Plaintiff,<br><br>v.<br><br>LIFE AND HOME, INC. and AG DISTRIBUTORS & SUPPLIES CORP.,<br><br><br>DefendantS. | CIVIL ACTION NO.: |

## COMPLAINT AND JURY DEMAND

Plaintiff Photographic Illustrators Corporation ("PIC" or "Plaintiff") brings this civil

action against Defendant Life and Home, Inc. ("Life and Home") and Defendant AG Distributors

& Supplies Corp. ("AG") (collectively, "Defendants").

## THE PARTIES

1.      PIC is a Massachusetts corporation with a place of business at 467 Sagamore

Street, Hamilton, Massachusetts 01936.

2.      Upon information and belief, Defendant Life and Home is a New York

corporation with an office located at 347 Knickerbocker Ave, Brooklyn, New York 11237.

3.      Upon information and belief, Defendant AG is a New York corporation with an

office located at 148 Irving Ave., Brooklyn, New York 11237.

## JURISDICTION AND VENUE

4.      This is a civil action for injunctive relief and damages for violation of the

copyright laws of the United States, 17 U.S.C. §§ 101, et seq.; the Digital Millennium Copyright

Act, 17 U.S.C. §§ 1201, et seq.; et seq.; and for unfair and deceptive trade practices in violation

of Mass. Gen. L. ch. 93A.  Jurisdiction over the state law claim is proper under 28 U.S.C. §

1367.

5.      The amount in controversy exceeds $75,000, exclusive of interests and costs, and

is between citizens of different states.  This Court has subject matter jurisdiction over this action

pursuant to 28 U.S.C. §§ 1331, 1332, and 1338.

6.      Defendants do business in Massachusetts.

7.      Defendants operate the website www.lifeandhome.com ("Defendants' Website").

8.      Defendants' Website is accessible from Massachusetts.

9.      Through their website www.lifeandhome.com, Defendants advertise, sell, and

offer for sale lighting products to online visitors, including online visitors located in

Massachusetts, and invite visitors to their website to create online accounts.

10.     Defendants' Website does not exclude Massachusetts consumers from visiting,

interacting with, or making purchases through the website.

11.     This Court has personal jurisdiction over Defendants because Defendants: have

transacted business in Massachusetts; have contracted to supply products in Massachusetts; and

have injured PIC in Massachusetts by reproducing and distributing PIC's copyrighted images on

Defendants' Website (which was accessible in Massachusetts) to advertise and sell products.

12.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391.

**PIC'S COPYRIGHTED IMAGES**

13.     PIC specializes in photography, including photography of consumer products for

catalogs, advertising, and product packaging.

14.     Over a span of years dating back to the 1960s, various companies, including Osram Sylvania, Inc. ("Sylvania"), have retained PIC to photograph certain of their products.

15.     PIC authored the 42 photographic images referenced in this Complaint (the "PIC Images") (attached as Exhibit A).

16.     Each of the PIC Images is a photograph that PIC created of a Sylvania product.

17.     PIC retains ownership of all right, title, and interest in the copyrights for the PIC Images.

18.     All of the PIC Images were made the subject of applications which matured into United States Copyright Registration Certificate Nos. VA 1-321-513; VA 1-325-168; VA 1-325-169; VA 1-359-243; VA 1-359-244; VA 1-880-539; VA 1-884-811; VA 1-916-393; VA 1-916-409; VA 1-916-415; VA 1-916-431; VA 1-916-443; VA 1-916-447; VA 1-916-448; VA 1-916-449; VA 1-916-450; VA 1-916-453; VA 1-917-076; VA 1-917-094; and VA 1-917-100 (attached as Exhibit B).

19.     Defendants' infringement of the copyright in each PIC Image began after PIC's first publication of that PIC Image.

20.     Before publishing the PIC Images, PIC attaches, or includes therewith, the name of the author (Paul Kevin Picone), copyright owner (P.I. Corp.) and copyright notice (collectively, "PIC Copyright Management Information" or "PIC CMI"), as shown in the examples below:



21.     PIC followed this practice when providing its images to Sylvania, including for the PIC Images.

22.     For example, PIC provided to Sylvania the PIC Image entitled "LED20A19.jpg" with PIC Copyright Management Information attached or included therewith, as shown below. This PIC Image was registered with the Copyright Office on October 24, 2013 (Reg. No. VA 1-884-811).



**PIC Image**

LED20A19.jpg

23.     Sylvania at least sometimes uses PIC Copyright Management Information on images authored by PIC, as shown in Exhibit C.

24.     For example, the same PIC Image as shown in paragraph 22 appears with the PIC Copyright Management Information on a webpage of Sylvania's website captured below. *See* Exhibit C-18.

**Sylvania's Copy of PIC Image with the PIC Copyright Management Information**



25.     When Sylvania provides copies of images authored by PIC to its distributors, it at least sometimes does so with PIC Copyright Management Information attached or included therewith, as demonstrated by the presence of PIC Copyright Management Information on or associated with images used by those distributors in Exhibit D.

26.     For example, the same PIC Image as shown in paragraph 22 appears with the PIC Copyright Management Information on the webpages of Sylvania distributors shown below.  *See* Exhibit D-8.

| Sylvania Distributors' Copies of PIC Image with the PIC Copyright Management Information |
| --- |





**DEFENDANTS' UNAUTHORIZED ALTERATION AND USE OF PIC IMAGES**

27.     At least 45 webpages from Defendants' Website display a partial or whole copy of one of the PIC Images ("Accused Images").

28.     Each of the captured webpages in Exhibit E is owned and operated by Defendants.

29.     Each of the captured webpages in Exhibit E includes an Accused Image.

30.     On information and belief, Defendants altered copies of the PIC Images.  The PIC Images were altered using image editing software, such as "Adobe Photoshop."  PIC's unique orientation of the products, the location of the shadows and reflections, and the pattern of the background are visible in multiple Accused Images despite Defendants' removal of products in the PIC Images or other attempts to change the PIC Images.  Vestiges of these unique elements in the PIC Images are visible in multiple Accused Images, despite unsuccessful attempts by Defendants to remove them.

31.     Each of the captured Defendants' webpages in Exhibit E include an Accused Image without the PIC Copyright Management Information.

32.     For example, in the table below, the same PIC Image as shown in paragraph 22 is shown on the top left.  The image on the top right, without the PIC Copyright Management Information, appears on a webpage of Defendants' Website pictured in the second row.

| PIC Image | Accused Image (Defendants' Infringing Copy) |
|---|---|
|  **LED20A19.jpg** | |

33.     Thus, even though PIC provides PIC Images to Sylvania with the PIC Copyright Management Information, and even though Sylvania at least sometimes uses PIC Images with the PIC Copyright Management Information, and even though Sylvania at least sometimes supplies PIC Images to its distributors with PIC Copyright Management Information attached, Defendants nevertheless display PIC Images on Defendants' Website without the PIC Copyright Management Information.

34.     On information and belief, Defendants removed PIC Copyright Management Information from at least some of the PIC Images.

35.     PIC did not provide any PIC Images to Defendants.

36.     PIC did not provide the Accused Images to Defendants.

37.     On information and belief, Sylvania did not provide any PIC Images to Defendants.

38.     On information and belief, Sylvania did not provide the Accused Images to Defendants.

39.     PIC never authorized Defendants to use the Accused Images.

40.     On information and belief, Sylvania never authorized Defendants to use the Accused Images.

41.     Sylvania never authorized Defendants to use Accused Images without the PIC Copyright Management Information.

42.     Defendants have copied, distributed, and/or used on Defendants' Website—and continue to copy, distribute, and/or use—the Accused Images to advertise and sell products.

43.     Defendants have never been, and are not currently, licensed or otherwise authorized by PIC to copy, distribute, and/or use the Accused Images.

44.     Defendants have never been, and are not currently, licensed by Sylvania to copy, distribute, and/or use the Accused Images, let alone to do so without the PIC Copyright Management Information.

## DAMAGE TO PIC'S BUSINESS AND REPUTATION

45.     PIC's photography services and images enjoy an excellent reputation and have gained great value and recognition in the marketplace.

46.     For over three decades PIC has done business under the PIC name and has used the name of PIC's President, Paul Kevin Picone, in connection with PIC's services.  Through PIC's longstanding practice of attaching to each published PIC Image, or including therewith, the names "P.I. Corp." and "Paul Kevin Picone," consumers have come to associate these names with high-quality photography.  PIC thus has common law trademark rights in the P.I. CORP. and PAUL KEVIN PICONE marks ("PIC Marks").

47.     PIC relies on the PIC Marks and Copyright Management Information that it attaches to each of its images, or includes therewith, as its primary mode of advertising. Potential customers seek out and contact PIC using this information.

48.     PIC is not affiliated with Defendants and has not approved any of Defendants' uses of or alterations to PIC Images.

49.     By removing the PIC Marks and Copyright Management Information from the PIC Images, Defendants have removed PIC's primary advertisement vector, thereby depriving PIC of business opportunities.

## COUNT I
### (Copyright Infringement, 17 U.S.C. § 501)

50.     PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

51.      Defendants have infringed PIC's copyrights in its PIC Images, in violation of 17 U.S.C. § 501, by copying, distributing, and/or using PIC Images without license or other authorization.

52.      On information and belief, Defendants' infringement has been knowing and willful.

53.      Defendants' infringement has damaged PIC in an amount to be proven at trial.

54.      Unless stopped by an injunction, Defendants will continue infringing PIC's copyrights in the PIC Images and will cause PIC to suffer irreparable harm for which there is no adequate remedy at law.  Therefore, PIC is entitled to injunctive relief.

## COUNT II
### (Integrity of Copyright Management Information, 17 U.S.C. § 1202)

55.      PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

56.      On information and belief, Defendants have intentionally removed or altered PIC Copyright Management Information for the PIC Images without PIC's authorization, and/or distributed copyright management information with knowledge that the PIC Copyright Management Information was removed or altered without PIC's authorization, in violation of 17 U.S.C. § 1202(b).

57.      On information and belief, Defendants' violation of 17 U.S.C. § 1202 has been knowing and willful.

58.      Defendants' violation of 17 U.S.C. § 1202 has damaged PIC in an amount to be proven at trial.

59.     Unless stopped by an injunction, Defendants' behavior will continue and will cause PIC to suffer irreparable harm for which there is no adequate remedy at law.  Therefore, PIC is entitled to injunctive relief.

## COUNT III
### (Unfair And Deceptive Trade Practices, Mass. Gen. L. ch. 93A)

60.     PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

61.     Defendants are, and at all relevant times have been, engaged in commerce.

62.     Defendants' acts and/or omissions as described above (and the center of gravity of those acts and/or omissions) occurred primarily and substantially in Massachusetts.

63.     Defendants' acts and/or omissions as described above constitute unfair and deceptive trade practices under Mass. Gen. L. Ch. 93A.

64.     Defendants' unfair and deceptive trade practices impact the public interest by causing consumer confusion.

65.     Defendants' acts and/or omissions as described above were knowing and willful.

66.     Defendants' unfair and deceptive trade practices damaged PIC in an amount to be determined at trial.

67.     Unless stopped by an injunction, Defendants' behavior will continue and will cause PIC to suffer irreparable harm for which there is no adequate remedy at law.  Therefore, PIC is entitled to injunctive relief.

## RELIEF REQUESTED

WHEREFORE, PIC requests that this Court:

A.     Enter judgment that the Court has jurisdiction over the parties to and subject matter of this action.

B.      Enter judgment that Defendants have infringed and continue to infringe PIC's copyrights in and to the PIC Images, pursuant to 17 U.S.C. § 501.

C.      Permanently enjoin Defendants, including their partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, from further infringement of the copyrights in and to the PIC Images, pursuant to 17 U.S.C. § 502.

D.      Order the recall, impounding, and destruction of all infringing copies made, used or distributed by Defendants in violation of PIC's exclusive rights in and to its PIC Images (and, in the case of electronic copies, order that all such copies be deleted from the computers or other storage means on which they reside), pursuant to 17 U.S.C. § 503.

E.      Direct Defendants to pay to PIC its actual damages and any additional profits realized by Defendants, pursuant to 17 U.S.C. § 504.

F.      Order that, in the alternative to actual copyright damages, at PIC's election, Defendants shall pay PIC statutory damages pursuant to 17 U.S.C. § 504.

G.      Enter judgment that Defendants have violated and continue to violate the Digital Millennium Copyright Act in relation to the PIC Images, pursuant to 17 U.S.C. § 1202.

H.      Permanently enjoin Defendants, including their partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, from further violations of the Digital Millennium Copyright Act in relation to the PIC Images, pursuant to 17 U.S.C. § 1203(b)(1).

I.      Order the impounding of all devices or products in the custody or control of Defendants that were involved in the violations of the Digital Millennium Copyright Act in relation to the PIC Images, pursuant to 17 U.S.C. § 1203(b)(2).

J.      Direct Defendants to pay to PIC its actual damages and any additional profits realized by Defendants, pursuant to 17 U.S.C. §§ 1203(b)(3), 1203(c)(1)(A), and 1203(c)(2).

K.      Order that, in the alternative to actual damages, at PIC's election, Defendants shall pay PIC statutory damages pursuant to 17 U.S.C. §§ 1203(b)(3), 1203(c)(1)(B), and 1203(c)(3)(B).

L.      Enter judgment that Defendants have engaged and continue to engage in unfair and deceptive trade practices in violation of Mass. Gen. L. ch. 93A.

M.      Direct Defendants to pay to PIC its damages sustained as a result of Defendants' unfair and deceptive trade practices.

N.      Permanently enjoin Defendants, including their partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, from committing further unfair and deceptive trade practices, pursuant to Mass. Gen. L. ch. 93A.

O.      Enter judgment that Defendants' copyright infringements and unfair and deceptive trade practices have been knowing and willful.

P.      Enter judgment that Defendants' 17 U.S.C. § 1202(b) violations of the Digital Millennium Copyright Act have been knowing and intentional.

Q.      Order Defendants to file and serve a report in writing, and under oath, setting forth the manner and form in which they have complied with the Court's order and injunction.

R.      Award PIC its legal fees and costs in prosecuting this action, pursuant to 17 U.S.C. §§ 505, 1203(b)(5); Mass. Gen. L. ch. 93A, or other applicable law.

S.      Award PIC treble damages pursuant to Mass. Gen. L. ch. 93A or other applicable law.

T.      Award PIC such further relief as this Court may deem just and proper.

## **JURY DEMAND**

PIC hereby demands a trial by jury of all issues so triable.


Respectfully submitted,

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

By its counsel,


Dated:  <u>October 23, 2015</u>                */s/ Michael N. Rader*
                                    Michael N. Rader, BBO # 646990
                                    mrader@wolfgreenfield.com
                                    Turhan F. Sarwar, BBO # 686764
                                    tsarwar@wolfgreenfield.com
                                    Joshua J. Miller, BBO # 685101
                                    jmiller@wolfgreenfield.com
                                    WOLF, GREENFIELD & SACKS, P.C.
                                    600 Atlantic Ave.
                                    Boston, MA 02210
                                    Tel:  (617) 646-8000
                                    Fax: (617) 646-8646